## Kellum *versus* Smith.

| 39 | 241 |
| 160 | 559 |

*Commission to take Testimony.—Designation of Commissioners.—Notice,*
*when sufficiently certain.*

1. A notice of a rule for an extra-territorial commission to take testimony, wherein the commissioner was named as "—— Buckley, Esq., Justice of the Peace of Freeport, Illinois," is sufficiently descriptive, and depositions taken under it are admissible in evidence, especially where it did not appear that there was another person of the same name and title in the place.

2. Rules for commissions are not to be rigidly construed against depositions, merely because the personal presence of the witness would be more satisfactory. A *bonâ fide* substantial compliance with the rule requiring notice, is sufficient.

ERROR to the Common Pleas of *Bradford county*.

This was an action of trespass brought by Israel Smith against Samuel Kellum, Charles Kellum, and Hampton Updyke, to recover damages for injury done by plaintiff's cattle to the grass crop, and pasture, on an island in the Susquehanna river, owned by the plaintiff. As to the two last-named defendants a *nolle prosequi* was entered. On the trial the defendant offered in evidence the deposition of a witness, which was taken under a commission directed to —— Buckley, Esq., and tested in the name of Hon. Horace Williston, who had been president judge of that district some years before, but who had died, and was succeeded by the Hon. David Wilmot. The rule had been entered by defendants to "take the depositions of Francis and Hiram Galpin before —— Buckley, Esq., commissioner to take depositions, said commissioner residing in Freeport, Illinois," and the notice was given and the interrogatories filed in the same way.

The depositions were taken before William M. Buckley, at the city of Freeport, Illinois, at the time named in the notice, and were duly returned and filed in the Common Pleas of Bradford county. The certificate of the county clerk of Stephenson county, Illinois, showed that Mr. Buckley, before whom the depositions were taken, was at the time an acting justice of the peace.

The plaintiff objected generally to the reading of the depositions, and the court sustained the objection. There was a verdict and judgment in favour of the plaintiff, whereupon the defendant sued out this writ, and assigned for error the rejection of the depositions above mentioned.

The counsel for the plaintiff in error cited and relied on Sweitzer *v.* Meese, 6 Binn. 502, Thompson *v.* Stewart, 3 Conn. 172, and Wright *v.* Waters, 8 Casey 514, as authority for the

3 WR.—16

[Kellum *v.* Smith.]

admission of the depositions, arguing that the commissioner and his official position were designated with sufficient certainty.

*William Watkins*, for defendants in error, insisted that the depositions were properly rejected, because,

1. The rule and interrogatories contained the names of two persons who were not defendants at the time, a *nolle prosequi* having been previously entered as to them.

2. The commissioner acted without legal authority, the commission not being tested by the president judge, the Hon. David Wilmot, but in the name of a former judge, who was deceased.

3. The interrogatories were leading.

4. The rule and notice, naming as commissioner —— Buckley, Esq., Freeport, Illinois, was not sufficiently certain, the appellation of "Esq." to —— Buckley being no part of the name of an individual.

The opinion of the court was delivered, May 6th 1861, by

THOMPSON, J.—It does not seem to have been disputed that the person named as commissioner on part of the defendant, did take the testimony on the interrogatories filed.  But it was contended that he was not named, and that the notice was indescriptive.  The notice was, "that —— Buckley, Esq., a justice of the peace of Freeport, Illinois," was nominated commissioner to take depositions.

The rule of court of Bradford county requires "written notice of the rule (for a commission) with a copy of the interrogatories, and of the name of the commissioners or their office titles," to be served on the adverse party, his agent or attorney, ten days before issuing the commission.

Here there was a name, and also the official title of the gentleman given.  We think this was sufficiently descriptive.  It is possible that the surname might not have been sufficient, but together they were: Sweitzer *v.* Meese, 6 Binn. 502.  In that case "Spangler, innkeeper," was held sufficient, and there is no perceptible difference between the requirement *to* give the name in that case and the same requirement in this; nor for the propriety of relaxing the rule for notice in the one case more than the other.  The plaintiff here was not misled into trusting a person different from one supposed to have been named.  He was not prevented from filing cross-interrogatories, and naming his own commissioner, nor was there evidence that there was any other person by the name of —— Buckley, Esq., a justice of the peace, in Freeport, Illinois.  The objection is purely technical, but even on this ground we think the objection insufficient, for there was a name and official designation both.  Certainly this was sufficient.

[Kellum *v.* Smith.]

It is a mistake to suppose that rules for commissions are to be rigidly construed against depositions, because testimony so taken is not supposed to be so satisfactory as the personal presence of the witness. While this may be conceded, it must be remembered that in a country composed of so many sovereign states, and where the *subpœna* of one state court will not run into another, it is the only way of certainly obtaining testimony out of the state, although the witness may be within a few miles of the court, as is often the case. A *bonâ fide* substantial compliance, therefore, with the rules of court, requiring notice to be given, is not to be defeated by a mere technicality, which could not eventuate in any possible injury to a party who desires nothing but fair play. The other objections to the depositions are without merit, and need not be further noticed.

As the testimony might have been important to the defendant, we must reverse the judgment on account of its rejection. The judgment is therefore reversed, and

A *venire de novo* awarded.